KATHERINE WAGNER *vs.* CHARLES A. NAGEL.

May 8, 1885.

**Trial by Court — Requisites of Findings of Fact — Evidence should not be Stated.**—Findings of the trial court, consisting of statements of mere evidence, and containing no findings of the issuable facts in the case, are not sufficient to sustain a judgment. The practice of incorporating statements of the evidence into the findings criticised.

**Same — Election between Causes of Action — Discretion of Court.**— The question of granting or refusing a motion made on the trial to compel the plaintiff to elect between an allegation of an agreed price and an allegation of the reasonable value of services, is within the sound discretion of the trial court.

**Jurisdiction — "Amount in Controversy" Defined.**— "The amount in controversy" in an action depends on the amount *claimed*. If this does not exceed the jurisdiction of the court, the fact that the complaint states a cause of action for a greater amount does not oust it of jurisdiction.

**Husband and Wife— Employment of Servant by Wife—Liability of Husband.**—Evidence that a wife living with her husband employed a servant for ordinary domestic service in their family is competent evidence against the husband, without showing any express authority from her husband to make the contract. This is within the presumed authority of the wife.

Plaintiff brought this action in the municipal court of St. Paul, to recover for services rendered as a domestic servant in the family of defendant. The complaint alleged that the defendant agreed to pay plaintiff $10 per month, that her services were reasonably worth $10 per month, and that on September 15, 1884, there was due her for such services, $210; and asks judgment for $200. The action was tried by the court without a jury, and a "decision" was filed ordering judgment for plaintiff. Defendant appeals from an order refusing a new trial.

The "decision" filed by the court was as follows, viz.:

"The above cause came on for trial before the court on the 24th day of October, A. D. 1884. F. Barta, Esq., appeared for the plaintiff, and Messrs. Egan & Fauntleroy appeared for the defendant. That on or about the 11th day of December, A. D. 1882, the plaintiff was at Mrs. Oschwald's, in St. Paul, with a little child two or three weeks old. The defendant's wife came there and told plaintiff that she could come out to defendant's home with the baby. After plaintiff had been at defendant's working for two weeks, Jacob Heck, member of the board of control, went to defendant's with a gentleman who was looking for a house-keeper; went there for the purpose of hiring plaintiff. The gentleman offered plaintiff $120 a year if she would enter his service as house-keeper. Plaintiff told defendant's wife, and Mrs. Nagel told her not to go with him, as defendant could afford to pay her $10 per month. Plaintiff then declined the offer made by the gentleman, and remained in defendant's service, about defendant's premises, from about January 1, 1883, until September 15, 1884. That plaintiff lost one month's time, sickness, leaving twenty months' services at $10 per month, $200, due plaintiff for services. Plaintiff received from defendant on account of services, one dress, $5.60; sacque, $1.75; hat, $7.00, two pair shoes, $5.00; in all, $19.85, and no more, leaving balance due from defendant to plaintiff $180.15. As conclusions of law, I find that plaintiff is entitled to judgment against the defendant for the sum of $180.15, and the costs herein. Let judgment be entered accordingly."

*Egan & Fauntleroy,* for appellant.

*F. Barta* and *H. C. McCartey,* for respondent.

MITCHELL, J.[1]  A conclusive reason why this judgment must be reversed, is that there are no findings of fact to support it.  The so-called findings are mere statements of evidence.  There is no finding upon any issuable fact in the case.  There is no finding of any contract, express or implied, between the parties.  Certain evidence is stated, from which the court might have found the fact, but he has failed to do it.  The findings are the sole authority for the entry of judgment, and constitute the sole basis upon which it must rest.  If the findings do not support the judgment, it is unauthorized.

We may be here allowed to suggest that the not uncommon practice of incorporating into the findings statements of mere evidence is not to be commended.  This practice often renders it difficult to determine just what facts the trial court has foumd.  Ordinarily, and especially in what are termed actions at law, it is the better way to make direct and definite findings of the ultimate issuable facts, and then, if it be deemed advisable, for the information of counsel or others, to state or discuss the evidence, to do so in a separate memorandum.

This disposes of this appeal, but with reference to a new trial it may not be improper to consider some of the other questions argued by counsel.  Assuming the motion made by defendant on the trial to have been to compel the plaintiff to elect whether she would stand on an allegation that a fixed price had been agreed on, or on an allegation of the reasonable value of her services, and assuming that the complaint was subject to objection on that ground, still the question whether the motion should be granted was, at least at that stage of the case, entirely within the sound discretion of the court.  *Hawley* v. *Wilkinson*, 18 Minn. 468, (525 ;) *Plummer* v. *Mold*, 22 Minn. 15.

The demand for judgment being for only $200, the municipal court had jurisdiction, notwithstanding the fact that the complaint might have stated a cause of action for a greater amount.  It is well settled in·this court that where the jurisdiction of a court depends upon "the amount in controversy," this is determined by the amount *claimed*.  If the party choose, he may remit or waive part of his debt, so as to

---

[1] Berry, J., was absent and took no part in this case.

bring the amount claimed within the jurisdiction of the court. *Barber* v. *Kennedy*, 18 Minn. 196, (216;) *Lamberton* v. *Raymond*, 22 Minn. 129.

Evidence that a wife living with her husband employed a servant for ordinary domestic service in their family is competent evidence against the husband in an action for such services. It is not necessary to show any express authority from the husband to make the contract. This is within the presumed authority of the wife, and in employing such service she is presumed to be acting for the husband. The common-law rule in regard to the presumed authority of the wife in such matters is not changed by our statutes relating to the rights and liabilities of married women. *Flynn* v. *Messenger*, 28 Minn. 208. But, on the ground first suggested, the judgment must be reversed.

Judgment reversed, and new trial ordered.