[1] Reported in 248 N.W. 750.
The executors of the estate of John Holland, deceased, appeal from the orders denying their motions for judgment notwithstanding the verdicts or new trials.
The respondents are the son and daughter of deceased. Each filed a claim for the value of their services rendered their father during the six years next preceding his death. John Holland, the deceased, was a farmer, owning a 160-acre farm in Wabasha county, whereon he had made his home for many years. He kept thereon from 40 to 50 head of cattle, seven horses, and a large number of hogs and sheep. During the last six years of his life he was unable to do heavy farm labor; and work of that nature, as well as most of the chores, fell to the lot of his son, the respondent, assisted by the other respondent, who also did most of the housework, as her mother had been in poor health since 1918. Five other children survived deceased, all daughters, who left home soon after arriving at maturity. At the time of the death of the deceased, in 1930, the respondent son was 43 years old and the respondent daughter 29 years. The probate court allowed the son's claim in the amount of $1,200 and the daughter's in the amount of $1,410. The executors appealed to the district court. There were no pleadings, but the issues submitted were: Was there an understanding and agreement *Page 174 
between respondents and deceased that their services should be pad for, and, if so, what was their reasonable value? The jury returned a verdict in favor of each respondent for $1,000.
The assignments of error present only two questions: (a) Did the court err in refusing to strike the testimony of two witnesses for respondent; and (b) did the court err in denying judgment notwithstanding the verdict? The reason assigned for the motion to strike the testimony of the witness Lamey was that it was incompetent. The witness, a brother-in-law of the deceased, had no financial interest in the litigation and was competent to testify as to admissions of the deceased that he had agreed to pay respondents for their services if they remained on the farm. In the oral argument we understood counsel to claim that since the talk testified to took place in 1929 it could not apply to services rendered prior thereto. This is an erroneous view of the testimony, for from it the jury could well conclude that there had been all along an existing agreement and understanding between deceased and respondents that they should be paid for their services. Appellants also assign error upon the court's refusal to strike the testimony of the mother of respondents "as far as it is an attempt to bind the estate to pay Agnes Holland for any work outside of the housework." As we read the record and the rulings of the trial court, no testimony was permitted from that witness relative to the daughter's compensation except for housework. Housework of a hired girl or a farmer's daughter on a farm usually includes assisting in milking and other of the small chores and even assisting in haying and harvest occasionally. Mrs. Holland had authority to employ persons to do the housework as agent of her husband. Flynn v. Messenger,28 Minn. 208, 9 N.W. 759, 41 Am. R. 279; Wagner v. Nagel,33 Minn. 348, 23 N.W. 308.
The court rightly refused to direct verdicts and to grant judgments notwithstanding the verdicts if there was evidence to sustain verdicts for respondents. In our opinion the evidence supports the verdicts rendered. Respondents had to overcome the presumption that when children remain in the home after becoming of age the *Page 175 
services they render are rendered gratuitously or for mutual benefit. But the situation and circumstances of the parties and the nature of the services often are very persuasive on the question whether there is an understanding or agreement that they should be paid for. Here were two old people, their health and strength waning, with only two children left at home, the daughter anxious to leave. They could not get along alone with the farm on their hands. The son had remained home over 20 years after reaching maturity. He was a good farmer, and the testimony is all one way that for the last six years of the father's life the son did all the heavy work on the farm. Only in haying and harvest was an extra hand employed for a week or two. We think the jury could well find that in 1924 Mrs. Holland agreed for her husband to pay respondent Agnes for her services if she remained home and that the agreement Mr. Lamey testified the deceased admitted he had with the children existed during the whole of the six years for which a recovery could be had.
The orders are affirmed.