Elizabeth J. BROWN, Appellant,

v.

ALLSTATE INSURANCE CO., Respondent.

No. C8–90–2032.

Court of Appeals of Minnesota.

March 5, 1991.

Review Granted May 1, 1991 in Allstate Insurance Co.

Mary C. Cade, James S. Ballentine, Schwebel, Goetz & Sieben, Minneapolis, for appellant.

Louise A. Dovre, Brian A. Wood, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by SHORT, P.J., and KALITOWSKI and POPOVICH,* JJ.

## OPINION

SHORT, Judge.

This appeal arises out of a dispute regarding the arbitrability of a claim for no-fault benefits under Minn.Stat. § 65B.525 (1988). Elizabeth Brown filed a petition for arbitration claiming benefits in the amount of $5,000. Allstate Insurance Company investigated and concluded the amount of

---

outstanding wage loss and medical expenses at the time of filing slightly exceeded $5,000. Allstate then made a motion to stay arbitration based on the jurisdictional limit contained in the statute. The trial court granted the stay despite Brown's agreement to waive amounts in excess of $5,000. We reverse and remand for arbitration.

## FACTS

Brown was insured under an automobile insurance policy issued by Allstate. The policy provided for no-fault basic economic loss benefits. Brown was injured in a car accident and applied for no-fault benefits. Initially, Allstate paid the benefits. Approximately three months after the accident, Allstate terminated all payments. Although Brown is entitled to arbitrate any additional medical expense and wage loss benefits which accrued after the filing date until the time of arbitration, she waived her claim for any amounts accrued at the time she filed the petition which were in excess of $5,000.

## ISSUE

Can an insured voluntarily limit a claim for no-fault benefits?

## ANALYSIS

The trial court's decision to stay arbitration was based on its interpretation of Minnesota Stat. § 65B.525 (1988). Interpretation of a statute is a question of law which we review de novo on appeal. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

Section 65B.525 requires arbitration of demands for no-fault benefits where the claim at the commencement of arbitration is in an amount of $5,000 or less. There is no prohibition in the no-fault legislation which can prevent Brown from waiving a part of her claim to meet the jurisdictional limit. It is well settled that a party may

---

\* Retired chief justice, acting as judge of the Court of Appeals by appointment pursuant to Minn.

Const. art. VI, § 10, and Minn.Stat. § 2.724, subd. 3 (1990).

waive a part of the amount actually owed to bring a claim within the jurisdiction of a particular tribunal. *See Parker v. Bradford,* 68 Minn. 437, 439, 71 N.W. 619, 620 (1897); *Wagner v. Nagel,* 33 Minn. 348, 350–51, 23 N.W. 308, 309 (1885). This principle is aptly applied to the arbitration of no-fault benefit claims. Permitting a party to waive claims for amounts in excess of $5,000 is consistent with the purposes of the statute; it discourages litigation and fosters voluntary resolution of disputes in a forum created and controlled by written agreement of the parties. *See Eric A. Carlstrom Constr. v. Independent School Dist. No. 77,* 256 N.W.2d 479, 483 (Minn. 1977).

## DECISION

Brown's voluntary waiver of her medical expenses and wage loss benefits to the date of her petition in excess of $5,000 bring her claim within the mandatory arbitration provisions of Minn.Stat. § 65B.525 (1988).

Reversed and remanded.