Elizabeth J. BROWN, Respondent,

v.

ALLSTATE INSURANCE CO., Petitioner, Appellant.

Gail L. HARDER, Respondent,

v.

AUSTIN MUTUAL INSURANCE COMPANY, Petitioner, Appellant.

Nos. C8–90–2032, C6–90–2482.

Supreme Court of Minnesota.

Feb. 7, 1992.

Louise A. Dovre, Brian A. Wood, Rider, Bennett, Egan & Arundel, Minneapolis, for Allstate Ins. Co.

Dale O. Thornsjo, Peterson & Hecktner, Ltd., Minneapolis, for Austin Mut. Ins. Co.

James S. Ballentine, Mary C. Cade, Schwebel, Goetz & Seiben, Minneapolis, for Elizabeth Brown.

Sharon L. Vandyck, Schwebel, Goetz & Seiben, Minneapolis, for Gail L. Harder.

SIMONETT, Justice.

These two cases, which we hereby consolidate for the purposes of this appeal, concern the mandatory arbitration of claims for no-fault benefits under our No–Fault Act. The Act provides for mandatory arbitration "where the claim at the commencement of arbitration is in an amount of $5,000 or less." Minn.Stat. § 65B.525, subd. 1 (1988). We hold that a claimant with a claim in excess of $5,000 at the time the arbitration petition is filed may waive the excess in order to qualify for arbitration.

These two cases illustrate the problem. In the first case Elizabeth Brown was injured in an auto accident on June 5, 1989. Her auto liability policy with Allstate Insurance Company had the standard no-fault, basic economic loss benefit coverage. Allstate initially paid Brown's medical expenses but then, after about 3 months, terminated payment of further medical expenses on the basis of an adverse medical examination. On January 4, 1990, Brown filed a petition for mandatory arbitration. When Allstate learned that Brown's medical expenses at the time she filed her petition were actually $6,162.46, the insurance company refused to arbitrate. The trial court granted Allstate's motion to stay arbitration, but the court of appeals reversed, ruling that Brown could waive the amount by which her medical expenses and wage loss exceeded $5,000 at the time she filed her petition, and ordered arbitration to proceed. *Brown v. Allstate Ins. Co.*, 466 N.W.2d 54 (Minn.App.1991).

In the second case, Gail L. Harder injured her back in an auto accident on August 26, 1985. Her no-fault carrier, Austin Mutual Insurance Company, paid some $3,300 in benefits, but after Harder failed to comply with the recommendation of an adverse chiropractor examiner to phase out extensive chiropractic treatments, Austin Mutual terminated benefits. Harder continued to accumulate chiropractic bills and finally, in January 1989, filed a petition for

mandatory arbitration, representing that her claim did not exceed $5,000 in medical expenses. In fact, Harder had incurred over $12,000 in no-fault expenses after the insurer had terminated benefits and prior to the filing of the petition. The district court refused to stay arbitration, ruling that the claimant could waive her expenses over the jurisdictional limit. The court of appeals, in an unpublished order, agreed with the trial court. We granted the petitions for further review in both the *Brown* and the *Harder* cases.[1]

Minn.Stat. § 65B.525, subd. 1 (1988), provides:

> The Supreme Court and the several courts of general trial jurisdiction of this state shall by rules of court or other constitutionally allowable device, provide for the mandatory submission to binding arbitration of all cases at issue *where the claim at the commencement of the arbitration is in an amount of $5,000 or less* against any insured's reparation obligor for no-fault benefits * * *. [Emphasis added.]

Pursuant to the foregoing statute, Rule 7, Minnesota No–Fault Comprehensive or Collision Damage Automobile Insurance Arbitration Rules, provides: "By statute, mandatory arbitration applies to all claims for no-fault benefits * * * where *the total amount of the claim at the commencement of arbitration is in an amount of $5,000 or less.*" (Emphasis added.)

Appellant insurers argue that arbitral jurisdiction "cannot be artificially or arbitrarily invoked" by waiving that part of a claim which exceeds the jurisdictional amount. They note that when mandatory arbitration was first enacted in 1985 the statute spoke of jurisdiction "where *a claim* in the amount of $5,000 or less" was made, but that in 1987 the language was amended to read "*the* claim." *Compare* Minn.Stat. § 65B.525, subd. 1 (Supp.1985) *with* § 65B.525, subd. 1 (Supp.1987). Appellants suggest there is a fundamental distinction between the legislature's use of

1. In *Brown v. Allstate Ins. Co.*, 466 N.W.2d 54 (Minn.App.1991), we granted oral argument. Further review in *Harder v. Austin Mut. Ins. Co.*,

No. C6–90–2482, slip op. (Minn.App. Apr. 23, 1991), was granted without oral argument and on the briefs filed in the court of appeals.

"a" claim and "the" claim, but we are not persuaded. Nor do we think it makes any difference that the legislation referred to "the claim" rather than using the phrase "amount in controversy," which appears in the statutory language for conciliation court jurisdiction (where waiver is allowed).

The word "claim" is not defined in the statute or rule. We have, however, allowed plaintiffs to waive portions of their damages to come within the jurisdictional limit of the municipal and conciliation courts. *See Wagner v. Nagel*, 33 Minn. 348, 350–51, 23 N.W. 308, 309 (1885) (municipal court); *Mattsen v. Packman*, 358 N.W.2d 48, 49 (Minn.1984) (conciliation court). It seems to us that the term "claim," as used in section 65B.525, subd. 1, is simply referring to the amount that the claimant is asking for. If a claimant wishes to reduce part of her claim in order to obtain arbitration, we see no reason why she may not do so.

Affirmed.