**Mary BARNESON, Respondent,**

v.

**WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Appellant.**

**No. C2–91–2246.**

Court of Appeals of Minnesota.

June 23, 1992.

Mary C. Cade, Richard L. Tousignant, Schwebel, Goetz & Sieben, P.A., Minneapolis, for respondent.

Gregory J. Johnson, Arthur, Chapman, McDonough, Kettering & Smetak, P.A., Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and NORTON and PETERSON, JJ.

## OPINION

NORTON, Judge.

Following an arbitrator's award which denied Mary Barneson's claim for chiropractic expenses, Western National moved the trial court to confirm the award. Barneson moved to vacate the award. The trial court granted Barneson's motion, and Western National's petition for discretionary review of the trial court's order was granted. We affirm.

## FACTS

Mary Barneson was injured in an automobile accident on February 28, 1989. Following the accident, Barneson received chiropractic and massage therapy. Barneson's no-fault insurer, Western National, paid for $3,930 in chiropractic treatment and $1,160 in massage treatment.

On February 19, 1990, Barneson was seen by Dr. Steven Ross for an independent chiropractic examination at the request of Western National. It was Dr. Ross's opinion that Barneson should discontinue chiropractic care and massage therapy because they were not producing long lasting results, but only temporary relief from pain. Based on Dr. Ross's examination, Western National terminated payment for Barneson's chiropractic and massage therapy treatments.

Barneson sought arbitration of her claim for continuing chiropractic and massage treatment. An arbitration hearing was held on February 26, 1991. Pursuant to the Minnesota Rules of No–Fault Arbitration, an award is to be issued within 30 days after the close of the hearing. On April 3, 1991, the American Arbitration Association asked counsel for Barneson and Western National to allow the arbitrator additional time in which to issue an award. Western National agreed to allow the arbi-

trator additional time; Barneson objected to any additional time being allowed. On April 5, 1991, the American Arbitration Association sent a letter to the parties noting Barneson's objection to the extension of time and requesting the arbitrator to issue an award "as soon as possible."

The arbitrator issued his award on May 13, 1991, 76 days after the arbitration hearing. In his award, the arbitrator denied Barneson's claim, finding that continued chiropractic treatment was not reasonable and necessary.

Western National moved to confirm the arbitrator's award and Barneson moved to vacate the award. The trial court granted Barneson's motion to vacate, finding that Barneson was prejudiced by the arbitrator's failure to issue an award within 30 days after the hearing. The trial court directed that the matter be reheard before a different arbitrator. Western National's petition for discretionary review of the trial court's order was granted.

## ISSUES

1. Did the arbitrator exceed his authority in failing to issue an award within 30 days after the arbitration hearing?

2. Did the trial court abuse its discretion in ordering a new hearing before a different arbitrator?

## ANALYSIS

■ Review of arbitration decisions is limited. In no-fault arbitration, the arbitrator's findings of fact are conclusive. *Ortega v. Farmers Ins. Group*, 474 N.W.2d 7, 9 (Minn.App.1991). Questions of law are subject to review *de novo*. *Id.*

■ A trial court must vacate an arbitrator's award when the arbitrator has exceeded his or her authority. Minn.Stat. § 572.-19, subd. 1(3) (1990). The trial court held that the arbitrator exceeded his powers by not issuing a decision within thirty days and found that Barneson had suffered prejudice as the result of this delay.

The Minnesota No–Fault, Comprehensive or Collision Damage Automobile Insurance Arbitration Rules are promulgated and

amended by the Supreme Court Standing Committee on Arbitration. Substantial revisions to the former rules were adopted by order of the supreme court dated November 14, 1990 indicating the amended rules would become effective January 1, 1991. The arbitration hearing in this case was held on February 26, 1991. Former Rule 20, regarding the timing of the award, has been revised and renumbered as follows:

> The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing the hearing, or, if oral hearings have been waived, from the date of the AAA's transmittal of the final statements and proofs to the arbitrator.

Minn. No–Fault, Comprehensive or Collision Damage Auto.Ins.Arb.R. 30. Another rule governs extensions of time. That rule provides:

> The parties may modify any period of time by mutual agreement. The AAA or the arbitrator may for good cause extend any period of time established by these rules, *except the time for making the award.*

Minn. No–Fault, Comprehensive or Collision Damage Auto.Ins.Arb.R. 28 (emphasis added). Thus, if there were any question under the prior rules regarding an arbitrator's authority to extend the time for making an award, we believe the supreme court, in adopting these amended rules, has emphasized that an award must be issued within thirty days.

The No–Fault Act represents trade-offs between insurers and insureds. In exchange for payment of certain specified benefits without regard to fault, an insured's right to bring a tort action has been restricted. *See* Minn.Stat. § 65B.42 (1990). To effectuate the Act's purposes, insurers and insureds are subject to mandatory, binding arbitration of no-fault claims when the amount claimed does not exceed $5,000. Minn.Stat. § 65B.525, subd. 1 (1990) (this amount has been increased to $10,000. Minn.Stat. § 65B.525, subd. 1 (Supp. 1991)). Unlike construction or commercial arbitration, no-fault arbitration is required

by statute, not negotiated contractually and the parties to no-fault arbitration do not have a history of dealing. *See, e.g., Johnson v. American Family Mut. Ins. Co.,* 426 N.W.2d 419, 421 (Minn.1988).

■ Creating a system of small claims arbitration to ease the burden of litigation on the courts is one of the stated purposes of the No–Fault Act. Minn.Stat. § 65B.42(4) (1990). Thus, no-fault arbitration implicates public, as opposed to purely private, interests. Given the structure of the No–Fault Act, the mandatory nature of no-fault arbitration and the importance of quick resolution of no-fault disputes, we hold an arbitrator who fails to issue a decision within 30 days after the hearing loses jurisdiction to decide the matter. The arbitrator in this case exceeded his authority by deciding the matter after losing jurisdiction, and the trial court correctly vacated the award.

■ Western Mutual argues the trial court erred in remanding the case to be heard before a different arbitrator. The trial court held that the arbitrator exceeded his or her authority, a basis enumerated in Minn.Stat. § 572.19, subd. 1(3) (1990). Authority to vacate the award is found in another subdivision of this statute:

> In vacating the award on grounds other than stated in clause (5) of subdivision 1, the court may order a rehearing before new arbitrators * * * or, if the award is vacated on grounds set forth in clauses (3) and (4) of subdivision 1, the court may order a rehearing before the arbitrators who made the award * * *.

Minn.Stat. § 572.19, subd. 3 (1990). This subdivision clearly gives the trial court discretion to order a rehearing before different arbitrators for all grounds stated in clauses (1)–(4) of Minn.Stat. § 572.19, subd. 1, although it also permits a remand to the same arbitrators when an award has been vacated on grounds stated in clause (3) and (4). The trial court was within its discretion to order a rehearing before new arbitrators.

■ The decision to order a rehearing before different arbitrators should be supported by findings of fact which justify the

appointment of a different arbitrator. *See Metropolitan Airports Commission v. Metropolitan Airports Police Federation,* 443 N.W.2d 519, 525 (Minn.1989). In this case, the trial court made findings that Barneson had been prejudiced by the arbitrator's lengthy delay in issuing a decision. Because the prejudice caused to Barneson by the original delay was sufficient reason for directing rehearing before a new arbitrator, we hold that the trial court did not abuse its discretion in ordering a rehearing before a new arbitrator.

## DECISION

When an arbitrator fails to issue a decision within 30 days after the date of the hearing, the arbitrator loses jurisdiction to decide the issue submitted. The trial court did not abuse its discretion in ordering the parties to re-arbitrate before a different arbitrator.

Affirmed.