Jean HIPPE, Respondent,

v.

AMERICAN FAMILY INSURANCE COMPANY, Appellant.

No. C1–97–226.

Court of Appeals of Minnesota.

June 10, 1997.

Marcia Taylor, Taylor, Harrington, Rerat, Lance & Stofferahn, Maple Grove, for Appellant.

Paul J. Gatto, Swor & Gatto, P.A., St. Paul, for Respondent.

Mary W. Mason, St. Paul, for Respondent.

Considered and decided by PARKER, P.J., and HARTEN and HOLTAN*, JJ.

## OPINION

PARKER, Judge.

Appellant American Family Insurance Company contests the district court's denial of its motion to vacate an arbitration award. American Family contends the arbitrator did not have jurisdiction to hear respondent Jean Hippe's claim for no-fault automobile insurance benefits because the claim exceeded $10,000 at the commencement of the arbitration. American Family also argues that the arbitrator exceeded his powers in interpreting the law. Because the claim exceeded the jurisdictional limit for mandatory arbitration and because the arbitrator exceeded his powers in interpreting the no-fault statute, we reverse the district court's ruling and vacate the arbitration award.

## FACTS

On November 22, 1992, Jean Hippe was involved in an automobile accident. After the accident, Hippe sought no-fault medical and wage loss benefits under her automobile insurance policy issued by American Family. American Family initially paid benefits, but then requested a medical examination. Because the examiner did not believe further medical care was necessary for injuries sustained in the accident, American Family denied her request for further medical benefits on April 5, 1995. Despite the letter of denial, Hippe requested payment for further medical treatment in May 1995. American Family denied that request as well.

In June 1995, Hippe informed her attorney of a change in her employment due to injuries from the car accident. She stated that

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by ap- pointment pursuant to Minn. Const. art. VI, § 10.

because she could no longer lift baggage, as her position as an airline customer service agent required, she had taken a position as a part-time reservation sales agent. On July 18, 1995, Hippe's attorney submitted a request to American Family to pay a wage loss disability claim. American Family sent a letter to Hippe on July 25, 1995, stating that it was evaluating the wage loss claim and requesting additional information.

On August 8, 1995, Hippe filed a petition for arbitration, seeking $7,206.47 for the unpaid medical expenses only. On August 24, 1995, American Family denied the wage loss claim. An arbitration hearing was held on April 2, 1996. Hippe then sought payment for both the medical expenses and the wage loss claim.

Even though the total amount of the two claims exceeded $10,000, the arbitrator found that the wage loss dispute did not become ripe until American Family denied those benefits. He found as a matter of fact that American Family did not dispute Hippe's wage loss sum until August 24, 1995, "roughly 2.2 weeks after the AAA had accepted jurisdiction over this controversy." Thus, he reasoned, that portion of the claim did not "accrue" until after the time of filing. The arbitrator determined that because the claim for medical expenses was less than $10,000 at the time of filing, the case fell within his jurisdiction. The arbitrator awarded Hippe $24,802.82 in medical expense benefits, wage loss benefits, and interest.

American Family moved the district court to vacate the arbitration award on the grounds that the arbitrator exceeded his power. The district court denied the motion, and American Family now seeks review in this court.

## ISSUES

I. Did the claim exceed the arbitrator's jurisdictional limit under Minn.Stat. § 65B.525, subd. 1, because Hippe requested payment for expenses incurred in excess of $10,000 at the time she filed the petition for arbitration?

II. Did the arbitrator exceed the scope of his power when he determined the limits of his jurisdiction?

## DISCUSSION

 In cases involving the no-fault statute, "arbitrators are limited to deciding issues of fact, leaving the interpretation of the law to the courts." *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988). An arbitrator's factual findings are final. *Id.* But, an arbitration award shall be vacated when an arbitrator has exceeded his power. Minn.Stat. § 572.19, subd. 1(3) (1994). An appellate court is not bound by and need not give deference to a lower court's decision on a question of law. *See Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn. 1984). Statutory construction is a question of law subject to de novo review on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn. 1985).

### I.

American Family contends the arbitration award must be vacated because Hippe's claim exceeded the $10,000 jurisdictional limit at the time of the commencement of the arbitration, and therefore the arbitrator exceeded his authority. Under the Minnesota No–Fault Act, certain no-fault automobile insurance claims must proceed to binding arbitration. Minn.Stat. § 65B.525, subd. 1 (1994), requires the courts to provide for the mandatory submission to binding arbitration of all cases at issue where *the claim at the commencement of arbitration is in an amount of $10,000 or less* against any insured's reparation obligor for no-fault benefits or comprehensive or collision damage coverage.

*Id.* (emphasis added).

Rule 6 of the Minnesota No–Fault Arbitration Rules provides for continuing jurisdiction if the claim amount increases:

By statute, mandatory arbitration applies to all claims for no-fault benefits or comprehensive or collision damage coverage where the total amount of the claim, at the commencement of arbitration, is in an

amount of $10,000 or less. *In cases where the amount of the claim continues to accrue after the petition is filed, the arbitrator shall have jurisdiction to determine all amounts claimed including those in excess of $10,000.*

Minn.Stat. Ann. § 65B.525, Rule 6 (West 1994) (emphasis added).

Hippe contends that her "claim" had not yet exceeded $10,000 at the time she filed her petition because her medical claim at that time amounted to only $7,206.47. Because American Family had not yet denied her request for wage loss benefits, she argues, those losses should not be included in determining the amount of the claim at the time of filing. She contends that the claim continued to "accrue," as provided by Rule 6, after the arbitration petition was filed.

American Family argues that the amount of Hippe's claim exceeded $10,000 at the commencement of arbitration because Hippe's losses had already accrued beyond $10,000 at the time of filing; formal denial of benefits was not required to make the loss a "claim" under the statute.

Another section of the act provides:

Basic economic loss benefits are payable monthly as loss accrues. Loss *accrues* not when injury occurs, but as income loss * * * or medical * * * expense is *incurred.*

Minn.Stat. § 65B.54, subd. 1 (1994) (emphasis added). American Family argues this section supports the interpretation that a claim accrues as the expenses are incurred.

In *Brown v. Allstate Ins. Co.*, 481 N.W.2d 17, 18 (Minn.1992), the supreme court considered two claimants' abilities to waive the amount by which their claims exceeded the no-fault act's jurisdictional cap for arbitration, then $5,000. The court stated:

The word "claim" is not defined in the statute or rule. We have, however, allowed plaintiffs to waive portions of their damages to come within the jurisdictional limit of the municipal and conciliation courts. It seems to us that *the term "claim," as used in section 65B.525, subd. 1, is simply referring to the amount that the claimant is asking for.* If a claimant

wishes to reduce part of her claim in order to obtain arbitration, we see no reason why she may not do so.

*Id.* at 19 (citations omitted) (emphasis added).

In *Charboneau v. American Family Ins. Co.*, 481 N.W.2d 19, 21–22 (Minn.1992), the court ruled that a no-fault claim may not be divided into two arbitration claims. The court required that a claimant who prefers arbitration to a district court action must file a petition to arbitrate before medical expenses and wage loss exceed the jurisdictional limit, or otherwise waive that portion of the no-fault claim over the limit at the time the petition is filed. *Id.* The court noted:

The practice of splitting claims is troublesome here. One of the purposes of the No–Fault Act was "to create a system of small claims arbitration to decrease the expense of and to simplify litigation * * * ." Minn.Stat. § 65B.42, subd. 4 (1988). By splitting no-fault damages, claimants are manipulating the system beyond what seems fair. * * * If a claim can be split, the decision on whether and how much to waive can be postponed until the damages are much higher, perhaps as much as twice the statutory jurisdiction limit.

*Id.* at 21.

■ While the evidence does not indicate that Hippe was attempting to manipulate the system in this case, we recognize the potential threat of it. Under *Charboneau,* a claimant must bring all claims together into one petition for arbitration. We conclude that the total amount of damages a claimant seeks from an insurer for medical and wage loss benefits must not exceed the jurisdictional limit at the time of filing the petition, regardless of whether all losses have yet been denied payment by the insurer. Because Hippe's claim exceeded the jurisdictional limit at the time of filing, we conclude that the arbitrator exceeded his powers in hearing this case.

■ We note that Hippe may still choose to proceed against the insurer in the district court for the full amount of the claim, or she may waive the amount by which her claim exceeds the jurisdictional limit to maintain arbitration jurisdiction.

## II.

American Family also contends the arbitration award should be vacated because the arbitrator exceeded his power when determining the jurisdictional question. Rule 35 of the No–Fault Arbitration Rules provides that "[t]he arbitrator shall interpret and apply these rules insofar as they relate to the arbitrator's powers and duties." Hippe argues that the rule gives an arbitrator the power to interpret the meaning of the rules' terms insofar as such interpretation is necessary to ascertain the limits of its jurisdiction.

While the arbitrator could interpret the rules pertaining to his powers, the analysis here required interpretation of the no-fault statutes and analysis of caselaw. Such questions are matters of law for the courts alone. *See Johnson,* 426 N.W.2d at 421. We therefore conclude that the arbitrator also exceeded his powers when he interpreted the no-fault statute.

### DECISION

Because the arbitrator exceeded his powers in reviewing a claim that exceeded the jurisdictional limit of Minn.Stat. § 65B.525, subd. 1, and in interpreting the no-fault statute, we reverse the district court's ruling and vacate the arbitration award.

**Reversed and judgment vacated.**