**GREAT WEST CASUALTY COMPANY, petitioner, Respondent,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

No. C7–98–1679.

Court of Appeals of Minnesota.

April 6, 1999.

Michael D. Barrett, Cousineau, McGuire & Anderson, Minneapolis, for respondent.

William M. Hart, R. Gregory Stephens, Kevin J. Craig, Jenneane L. Jansen, Meagher & Geer, P.L.L.P., Minneapolis, for appellant.

Considered and decided by HARTEN, Presiding Judge, DAVIES, Judge, and SHUMAKER, Judge.

## OPINION

DAVIES, Judge

Appellant challenges the district court's vacation of an inter-company arbitration award. The statutory interpretation underlying the arbitrator's decision is subject to judicial review. Because we rule that the district court properly employed the comparative fault method prescribed in Minn.Stat. § 604.01 (1998), we affirm.

## FACTS

On October 3, 1996, appellant State Farm Insurance Company's insured, Dustin Jones, was involved in an accident with a truck insured by respondent Great West Casualty Company. As a result of the accident, State Farm paid no-fault benefits to Jones. State Farm served Great West with a petition for subrogation and filed for arbitration with Arbitration Forums, Inc. (AFI), asking that Great West be ordered to reimburse State Farm for the no-fault benefits paid to Jones in the precise percentage of fault allocated to Great West's insured. State Farm argued for this application of pure comparative fault on the basis that pure comparative fault more adequately accomplished shifting the cost of accidents from automobiles to trucks, the purpose of Minn.Stat. § 65B.53, subd. 1.

The AFI arbitrator determined that Great West's insured was 10% at fault and State Farm's insured, Jones, was 90% at fault for the accident. Using the pure comparative fault method State Farm advocated, the arbitrator awarded State Farm 10% of the amount it had paid to Jones. Great West filed a petition in district court to vacate even this 10% arbitration award. Finding that the AFI arbitrator's statutory interpretation was subject to judicial review and that the arbitrator's use of pure comparative fault was error, the court vacated the arbitration award and, instead, applied the modified comparative fault formula of Minn.Stat. § 604.01 (1998). The district court's judgment is the subject of this appeal.

## ISSUES

I. In a proceeding for inter-company indemnity under the Minnesota No–Fault Au-

tomobile Insurance Act, is an arbitrator's statutory interpretation subject to judicial review?

II. When making a determination of "comparative negligence" pursuant to Minn. Stat. § 65B.53 (1998), did the district court properly apply the modified comparative fault method adopted in Minn.Stat. § 604.01 (1998), rather than pure comparative fault?

## ANALYSIS

### I.

A district court's limited power to modify or vacate arbitration awards is defined by the Uniform Arbitration Act. Minn.Stat. §§ 572.08–.30 (1998). But the supreme court has established a special rule for no-fault arbitration, holding that interpretations of the no-fault act are always subject to judicial review. *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988).

■ State Farm claims that the arbitrator's interpretation of section 65B.53, subdivision 4, is not subject to judicial review: first, because the supreme court's decision in *Johnson* does not apply to inter-company indemnity arbitration and, second, because Great West submitted to AFI's internal rules, which state that a "decision of an arbitration panel on issues of fact or law is final and binding with no right to rehearing or appeal." Arbitration Forums, Inc., *Special Arbitration Rules and Regulations* 20 (1995).

■ We agree with the district court's conclusion that, under *Johnson*, an arbitrator's interpretation of Minn.Stat. § 65B.54, subd. 4, is subject to judicial review. We also agree that the AFI rule must yield to the *Johnson* principle. The *Johnson* rationale is that the need for consistent interpretation of the no-fault statute requires that legal determinations be left to courts, not "various panels of arbitrators." *Johnson*, 426 N.W.2d at 421. Accordingly, the arbitrator's interpretation of section 65B.53, subdivision 4, must be subject to review by the judiciary. Despite State Farm's contention to the contrary, nothing in the *Johnson* decision limits its application to disputes between insurers and their insureds. Rather, final interpretation of all provisions of the Minnesota No–Fault Automobile Insurance Act must be left to the judiciary. The district court properly reviewed the arbitrator's legal conclusion.[1]

### II.

■ Having decided that the arbitrator's statutory interpretation is subject to judicial review, we must now determine whether the district court or the arbitrator properly interpreted Minn.Stat. § 65B.53, subd. 4. The construction of a statute is a question of law and thus fully reviewable by this court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985).

When interpreting a statute, our function is to "ascertain and effectuate the intention of the legislature." Minn.Stat. § 645.16 (1998). If a statute is free from ambiguity, we will rely on its plain language. *Tuma v. Commissioner of Econ. Sec.*, 386 N.W.2d 702, 706 (Minn.1986). When a statute's meaning is not apparent from the express language, however, the intention of the legislature may be ascertained by examining "other laws upon the same or similar subjects." Minn. Stat. § 645.16; *see also In re Tveten*, 402

---

1. In *Johnson*, the supreme court stated that, "in the area of automobile reparation, arbitrators are limited to deciding issues of fact." 426 N.W.2d at 421. It is important to note, however, that arbitrators must, as a practical matter, interpret the no-fault statutes to give a context to their factual determinations. *See* Mirjan Damaska, *Rational and Irrational Proof Revisited*, 5 *Cardozo J. Int'l & Comp. L.* 25, 28 (1997) (stating that "fact-finding becomes truly inseparable from the search for the law"). The language of *Johnson* quoted above, therefore, means simply that, although arbitrators must interpret the no-fault

statutes, their interpretations are subject to judicial review.

In addition, it is permissible for parties to seek a declaratory judgment on an issue of statutory interpretation before submitting the fact issues to arbitration. *See* Minn.Stat. § 555.02 (1998) (person whose rights are affected by a statute may have an issue of construction determined by a declaratory judgment action); *see, e.g., Yeager v. Auto–Owners Ins. Co.*, 335 N.W.2d 733, 736 (Minn.1983) (reviewing declaratory judgment action involving whether no-fault statute allowed certain policies to be "stacked").

N.W.2d 551, 554 (Minn.1987) (statutes on same subject are presumed to have been passed with awareness of existing legislation).

Minn.Stat. § 65B.53, subd. 4 (1998), states in part:

> The right of indemnity provided in subdivision 1 shall be enforceable only through mandatory good-faith and binding arbitration procedures established by rule of the commissioner of commerce. These procedures shall utilize determinations of comparative negligence.

In this case, the arbitrator interpreted the phrase "comparative negligence" to mean pure comparative negligence. The plain language of the statute does not explicitly indicate whether inter-company indemnity should use the pure comparative fault method or the modified comparative fault method found in Minn.Stat. § 604.01.[2] Pointing out that the no-fault statute is silent on the matter, State Farm argues that Minn.Stat. § 604.01 is not explicitly made applicable and that it is therefore appropriate for an arbitrator to employ a pure comparative fault method when determining inter-company indemnity. According to State Farm, a pure comparative fault method would help allocate the financial burden of losses in a manner consistent with the propensity of larger commercial vehicles to cause more serious physical injury. The district court concluded, however, that arbitrators must use the modified comparative fault method set forth in Minn.Stat. § 604.01 when assessing inter-company indemnity. We agree.

2. Minn.Stat. § 604.01, subd. 1 (1998), states in part:

> Contributory fault does not bar recovery in an action by any person or the person's legal representative to recover damages for fault resulting in death, in injury to person or property, or in economic loss, if the contributory fault was not greater than the fault of the person against whom recovery is sought, but any damages allowed must be diminished in proportion to the amount of fault attributable to the person recovering.

3. In 1978, the legislature amended the modified-comparative-fault formulation of Minn.Stat. § 604.01 to allow a plaintiff to recover as long as the plaintiff's negligence is "not greater" than the defendant's. 1978 Minn. Laws ch. 73B,

In Minnesota, the only legislative definition of comparative negligence comes from Minn.Stat. § 604.01, a statute enacted five years before the no-fault statute. Because the legislature had in section 604.01 already defined "comparative fault" to mean a modified comparative fault method, we conclude that the legislature intended the phrase "comparative negligence" to carry the same modified-comparative-fault meaning when used in Minn.Stat. § 65B.53.[3]

We recognize that policy considerations may support the interpretation of Minn.Stat. § 65B.53, subd. 4, advocated by State Farm.[4] But pure comparative fault is not used anywhere else in Minnesota law. If the legislature had intended to incorporate pure comparative fault uniquely into Minn.Stat. § 65B.53, it should have done so in clear language. Because it did not, we conclude that the district court correctly applied modified comparative negligence.

## DECISION

An arbitrator's interpretation of the no-fault statute is subject to judicial review. Inter-company indemnity disputes under Minn.Stat. § 65B.53, subd. 4, are subject to the modified comparative negligence rule as set forth in Minn.Stat. § 604.01, subd. 1.

**Affirmed.**

§ 6. By implication, this change should be incorporated in the meaning of the phrase "comparative negligence" as used in Minn.Stat. § 65B.53, subd. 4. *See* Minn.Stat. § 645.31, subd. 1 (1998) (when statute is amended, amendment shall be construed as merging into original law, replacing the part amended, and remainder of original enactment and amendment shall be viewed as one act passed at one time).

4. As the supreme court has stated, the purpose of the inter-company indemnity provision is to allocate " 'the financial burden of losses [in a manner] consistent with the propensities of different vehicles to affect probability and severity of injury.' " *National Indem. Co. v. Mutual Serv. Cas. Co.*, 311 N.W.2d 856, 857 (Minn.1981) (quoting Uniform Motor Vehicle Accident Reparations Act, Sec. 1).