Mary Ann **KARELS**, Appellant,

v.

**STATE FARM INSURANCE COMPANY**, Respondent.

No. C5–00–371.

Court of Appeals of Minnesota.

Sept. 19, 2000.

**OPINION**

SHUMAKER, Judge.

Appellant Mary Ann Karels filed for no-fault arbitration when respondent State Farm Insurance Company declined to pay $2,582.01 in outstanding medical bills. One day before the arbitration hearing, Karels filed an arbitration brochure claiming additional medical expenses and wage-loss benefits of approximately $35,500 that had accrued after the filing of the petition.

The arbitrator awarded her the entire amount. State Farm moved to vacate the award, arguing that the arbitrator lacked jurisdiction to hear the case because the claim exceeded the $10,000 jurisdictional limit and the arbitrator exceeded his authority in interpreting the No–Fault Insurance Act. The district court vacated the award. Karels appealed.

**FACTS**

Appellant Mary Ann Karels sustained a neck injury on August 1, 1995, when her car was hit from behind by a truck. Respondent State Farm Insurance Company, Karels' no-fault insurer, paid medical benefits as they accrued.

In August, 1996, an orthopedic surgeon diagnosed Karels as having discogenic disease secondary to the vehicle accident. In November, 1996, the surgeon told Karels that if conservative treatment did not alleviate her neck symptoms she would have to have surgery costing as much as $50,-000.

State Farm had Karels examined by a neurologist in July, 1997. The neurologist stated that Karels' neck symptoms were related to the vehicle accident but that she did not need treatment beyond nonprescription medicine and home traction and exercise. Upon that information, State Farm discontinued Karels' no-fault benefits, effective August 29, 1997.

Karels filed a petition for no-fault arbitration on October 21, 1998, claiming that State Farm owed $2,582.01 in medical ben-

Lisa Montpetit Brabbit, McCoy, Peterson, Jorstad & Brabbit, Ltd., Minneapolis, MN; and Wilbur W. Fluegel, Fluegel Law Office, Minneapolis, MN (for appellant).

Thomas C. Atmore, Leonard, O'Brien, Wilford, Spencer & Gale, Ltd., St. Paul, MN (for respondent).

Considered and decided by SHUMAKER, Presiding Judge, RANDALL, Judge and HARTEN, Judge.

efits. She also indicated that her claim was "ongoing." She had incurred no other unpaid medical expenses or wage loss as of that time. An arbitration hearing was scheduled for March 30, 1999.

After filing her arbitration petition, Karels had medical examinations and diagnostic procedures, and she underwent a cervical discectomy and fusion on November 9, 1998.

Karels did not notify State Farm of the surgery until March 29, 1999, the day before the arbitration hearing, when she submitted an arbitration brochure listing claims for medical treatments, surgery, and wage loss totaling $38,610.92.

State Farm objected to the arbitration on the ground that Karels "timed the filing of her petition so as to avoid the jurisdictional limits imposed by the No-Fault Statute." The arbitrator denied the objection, ruled that he had jurisdiction over the entire claim, and ruled that "[s]ufficient time, including a continuance, was given to [State Farm] to respond to the disputed amount of medical bills." The arbitrator then awarded Karels $38,610.92.

State Farm moved in district court to vacate or modify the award, alleging that Karels had improperly circumvented the no-fault jurisdictional limits and that the arbitrator had exceeded his authority. The district court vacated the award, holding that the arbitrator exceeded his authority by impermissibly interpreting the law and hearing a "new claim" beyond the no-fault jurisdictional limit.

Although the district court held that State Farm was denied due process by Karels, who gained an "unfair advantage" by adding claims the day before the arbitration hearing, the court found that Karels did not intentionally time her petition so as to escape the no-fault jurisdictional limit. Karels challenges the district court's holding on appeal.

## ISSUES

1. When a no-fault arbitrator applies the plain language of statutes and caselaw to facts before him, does he exceed the scope of his authority by impermissibly interpreting the law?

2. A no-fault claimant files a petition for arbitration of a claim within the arbitrator's jurisdictional limit. Later, additional arbitrable claims accrue and, taken together, exceed the jurisdictional limit. Does the arbitrator have the authority to arbitrate the total claim?

## ANALYSIS

A claim for no-fault insurance benefits must be submitted to binding arbitration "where the claim at the commencement of arbitration is in an amount of $10,000 or less * * * ." Minn.Stat. § 65B.525, subd. 1 (1998). "Arbitration is commenced by the filing of the signed" petition form and the payment of the required filing fee. Minn. Stat. Ann. § 65B.525, Rule 5(c) (1998).

> In cases where the amount of the claim continues to accrue after the petition is filed, the arbitrator shall have jurisdiction to determine all amounts claimed including those in excess of $10,000.

Minn.Stat. Ann. § 65B.525, Rule 6 (1998).

No-fault "arbitrators are limited to deciding issues of fact, leaving the interpretation of the law to the courts."[1] *Johnson v. American Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988). An arbitrator's findings of fact are final. *Barneson v. Western Natl. Mut. Ins. Co.*, 486 N.W.2d 176, 177 (Minn.App.1992). But the courts must vacate an award if the arbitrator exceeded his authority. Minn.

---

1. In *Great West Cas. Co. v. State Farm Mut. Auto. Ins. Co.*, 590 N.W.2d 675, 677 n. 1 (Minn.App.1999), we noted that "arbitrators must, as a practical matter, interpret the no-fault statutes to give a context to their factual determinations." In a broad sense, then, an "interpretation" occurs each time an arbitrator determines that a particular statutory provision applies to specific facts. We do not intend that the usage of the term "interpret" here be read as contradicting *Great West Cas. Co.*

Stat. § 572.19, subd. 1(3) (1998). Statutory construction is a question of law that the appellate courts review de novo on appeal. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). An appellate court is not bound by and need not give deference to the district court's decision on a question of law. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n*, 358 N.W.2d 639, 642 (Minn.1984).

Karels' arbitration petition set forth a claim for outstanding medical expenses. Her arbitration brochure contained claims for those expenses plus additional medical expenses and wage loss that had accrued after she filed her petition.

The district court ruled that the term "claim" in section 65B.525, subd. 1, is ambiguous because it is unclear whether it applies to "the substantive nature of the claim and/or the dollar amount of the claim." The court held that the arbitrator had to resolve the ambiguity by interpreting the law, a function that exceeded his authority.

 We do not agree that the law is ambiguous or that the arbitrator engaged in an impermissible legal interpretation. Subject to statutory and contractual limitations, the no-fault law allows claims for medical expenses and wage loss benefits. Minn.Stat. § 65B.44, subds. 1, 2, 3 (1998). In *Brown v. Allstate Ins. Co.*, 481 N.W.2d 17, 19 (Minn.1992), the supreme court held that "the term 'claim' as used in section 65B.525, subd. 1, is simply referring to the amount that the claimant is asking for." Claims of $10,000 or less at the time of the filing of the petition for arbitration are required to be arbitrated. Minn.Stat. § 65B.525, subd. 1. From the plain language of *Brown* and the no-fault statute, the arbitrator knew what "claim" meant, what types of expenses and losses qualified for no-fault benefits, and what claims were required to be arbitrated. There was nothing for the arbitrator to "interpret." His task was to apply the clear law to the facts. He did so.

Neither did the arbitrator have to interpret the law regarding the medical and wage loss claims that accrued after Karels filed her petition. The supreme court previously settled the issue of continuing jurisdiction:

> [T]he arbitrator retains jurisdiction over claims where the jurisdictional amount is exceeded by further expenses or losses accruing after the petition is filed. The statute requires only that the jurisdictional amount not be exceeded at the time the arbitration petition is filed. This is what we think the statute plainly says, and the legislative history supports this reading.

*Charboneau v. American Family Ins. Co.*, 481 N.W.2d 19, 22 (Minn.1992).

In ruling that he had jurisdiction over the increased claim, the arbitrator was applying the clear law. Having been required merely to apply, and not to interpret, plain, settled law, the arbitrator did not exceed his authority.

 The district court found that Karels did not intentionally try to circumvent the jurisdictional limits of arbitration by filing her petition when she did. Nevertheless, the court ruled that Karels gained an unfair advantage and denied State Farm due process by adding a new claim and substantially increasing the amount of the claim one day before the arbitration hearing. Characterizing Karels' action as an unfair manipulation of the no-fault system, State Farm argues that *Hippe v. American Family Ins. Co.*, 565 N.W.2d 439 (Minn.App.1997), supports the district court's conclusion. We disagree.

In *Hippe*, the claimant had an accident. 565 N.W.2d at 440. Her insurer paid medical and wage-loss benefits. *Id.* At one point, the insurer denied Hippe's request for further medical benefits. *Id.* After the denial, Hippe requested wage-loss disability benefits. *Id.* at 441. The insurer said it would evaluate the claim. *Id.* While the insurer was evaluating the wage-loss claim,

Hippe filed a petition for arbitration on the previously denied medical benefits. *Id.* After Hippe filed her petition, the insurer denied her wage-loss disability claim. *Id.* At the arbitration hearing, Hippe sought both medical and wage-loss benefits. *Id.* Hippe's medical claim was under $10,000 when she filed her petition. *Id.* The addition of the wage-loss claim caused the total to exceed $10,000. *Id.* The insurer argued that the claims exceeded the arbitrator's jurisdictional limit. *Id.* But the arbitrator ruled that the wage-loss claim had not accrued by the time Hippe filed her petition, and, thus, he had jurisdiction. *Id.*

On appeal, this court held that Hippe had engaged in the prohibited practice of splitting her claims. *Id.* at 442. When she filed her petition for arbitration, Hippe's medical and wage-loss claims had both accrued, even though the insurer had not yet denied the wage-loss claim. *Id.* Because both claims had accrued, it was not proper for Hippe to split them, file only one so as to obtain arbitration jurisdiction, and then add the other for the hearing:

> We conclude that the total amount of damages a claimant seeks from an insurer for medical and wage loss benefits must not exceed the jurisdictional limit at the time of filing the petition, regardless of whether all losses have yet been denied payment by the insurer. Because Hippe's claim exceeded the jurisdictional limit *at the time of filing,* we conclude that the arbitrator exceeded his powers in hearing this case.

*Id.* at 442. (Emphasis added.)

Here, the only expense in existence at the time Karels filed her petition was the medical expense of $2,582.01. The additional medical charges and the wage-loss claim did not accrue until after she filed her petition. *See* Minn.Stat. § 65B.54, subd. 1 (1998) ("Loss accrues not when injury occurs, but as income loss * * * or medical * * * expense is incurred."). Karels did not run afoul of the proscription against claim splitting noted in *Hippe* because she presented the only expense in existence at the time she filed her petition for arbitration. The later-accrued claims properly fell within the arbitrator's continuing jurisdiction.

The district court was also concerned that State Farm did not have reasonable notice and an adequate opportunity to prepare to meet the increased claim. The arbitration began on March 30, 1999, and was closed April 19, 1999. The arbitrator noted that State Farm was given a continuance to prepare to dispute Karels' medical bills. Nothing in the record contradicts that indication, and it appears that State Farm did not request additional time to prepare to meet the increased claim.

The district court raised the constitutional issue sua sponte, and issued a briefing schedule for the parties. Because the district court did not rule on the issue, and post-trial motions did not relate to the issue, we will not address the issue here. *See Novack v. Northwest Airlines, Inc.,* 525 N.W.2d 592, 596 (Minn.App.1995) ("Generally on appeal from a judgment where no motion for a new trial was made, 'the only questions for review are whether the evidence sustains the findings of fact and whether such findings sustain the conclusions of law and judgment.' ") (quoting *Gruenhagen v. Larson,* 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976)).

## DECISION

The no-fault arbitrator did not engage in impermissible interpretation of the law by applying clear and settled statutes and caselaw to the facts in ascertaining his authority to arbitrate.

The arbitrator did not exceed his authority by retaining jurisdiction over claims exceeding the jurisdictional limit when the only claim existing when the arbitration petition was filed was within that limit.

**Reversed.**

HARTEN, Judge (concurring specially)

Given the problematic finding of fact that Karels did not intentionally try to circumvent the jurisdictional limits of arbitration, I concur in the result.