**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A16-0916**


Carol Jansen,
Respondent,


vs.


State Farm Mutual Automobile Insurance Company,
Appellant.



**Filed February 21, 2017**
**Reversed**
**Bjorkman, Judge**



Dakota County District Court
File No. 19HA-CV-15-4067

Jeffrey M. Montpetit, Marcia K. Miller, Sieben Carey, PA, Minneapolis, Minnesota (for respondent)

Suzanne Wolbeck Kvas, Lutter, Gilbert & Kvas, LLC, Eagan, Minnesota (for appellant)

        Considered and decided by Peterson, Presiding Judge; Johnson, Judge; and Bjorkman, Judge.

## S Y L L A B U S

        For purposes of Minn. Stat. § 65B.525, subd. 1 (2016), a claim is the dollar amount of no-fault benefits alleged to be due and owing from the reparation obligor at the time the no-fault proceeding is commenced.

# OPINION

**BJORKMAN**, Judge

Appellant moved for summary judgment in this action for no-fault medical-expense benefits on the ground that the district court lacked jurisdiction. The district court denied the motion. We reverse.

## FACTS

Respondent Carol Jansen was injured in a motor vehicle accident on December 5, 2013. At the time of the accident, Jansen was insured under an automobile insurance policy issued by appellant State Farm Mutual Automobile Insurance Company. The policy provides $20,000 in coverage for no-fault medical-expense benefits. Jansen applied for no-fault benefits, and State Farm made payments. On July 27, 2014, following an independent medical examination, State Farm discontinued no-fault payments.

On November 24, 2015, Jansen commenced this action in district court seeking recovery of "benefits due and owing" under her insurance policy. Discovery revealed that State Farm had already paid $14,548.26 in medical-expense benefits and that Jansen had $30,942.15 in unpaid medical bills. State Farm moved for summary judgment, arguing that the district court lacked subject-matter jurisdiction and that Jansen must arbitrate her claim because it is less than the $10,000 jurisdictional limit provided in Minn. Stat. § 65B.525, subd. 1. The district court denied the motion, concluding that it

had jurisdiction because Jansen's claim includes the $14,548.26 State Farm has already paid for medical expenses.[1]  State Farm appeals.

## ISSUE

Did the district court err in finding that it has subject-matter jurisdiction because Jansen's no-fault claim exceeds $10,000?

## ANALYSIS

On appeal from summary judgment, this court reviews de novo whether there are any genuine issues of material fact and whether the district court erred in its application of the law.  *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76-77 (Minn. 2002).  The parties agree that there are no disputed fact issues and that the appeal turns on an issue of statutory construction that we review de novo.  *Mitsch v. Am. Nat'l Prop. & Cas. Co.*, 736 N.W.2d 355, 358 (Minn. App. 2007), *review denied* (Minn. Oct. 24, 2007).

The Minnesota No-Fault Automobile Insurance Act provides for mandatory arbitration "of all cases at issue where the *claim* at the commencement of arbitration is in an amount of $10,000 or less against any insured's reparation obligor *for no-fault benefits*."  Minn. Stat. § 65B.525, subd. 1 (emphasis added).  The act does not define "claim."  But we are not left without guidance.

In *Brown v. Allstate Ins. Co.*, where the claimant sought to waive part of her unpaid medical expenses in order to qualify for arbitration, our supreme court held that "claim," as used in the statute, "is simply referring to the amount that the claimant is

---

[1] The parties agree that the district court erred by including the medical-expense benefits State Farm has already paid in determining the amount of Jansen's claim.

asking for." 481 N.W.2d 17, 19 (Minn. 1992). The supreme court has also turned to Black's Law Dictionary's definition of claim as "'[t]he aggregate of operative facts giving rise to a right enforceable by a court.'" *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 804 (Minn. 2004) (quoting Black's Law Dictionary 240 (7th ed. 1999)). And in determining whether a claim exceeds the jurisdictional limit, this court considered the total amount "the claimant seeks from an insurer for medical and wage loss benefits." *Hippe v. Am. Family Ins. Co.*, 565 N.W.2d 439, 442 (Minn. App. 1997).

Against this backdrop, we consider Jansen's contention that her claim includes all of her unpaid medical bills, which exceed $30,000. Noticeably absent from Jansen's analysis is any connection between the amount she claims and the amount for which State Farm could be held responsible. State Farm argues that Jansen's claim is limited to the amount potentially due and owing from State Farm—far less than the $10,000 jurisdictional limit for no-fault arbitration. We agree with State Farm.

Jansen's argument is inconsistent with the caselaw and the clear terms of Minn. Stat. § 65B.525, subd. 1. While Jansen may be "asking for" more than $10,000 in medical expenses, she cannot ask for more than $5,451.74 from State Farm because her policy provides $20,000 in coverage and State Farm has already paid $14,548.26. In other words, Jansen has no "right enforceable by a court" to recover any more than the $5,451.74 in no-fault medical-expense benefits remaining under her insurance policy. *Ill. Farmers*, 683 N.W.2d at 804 (quotation omitted). Finally, the statute describes the claim as one "for no-fault benefits." Minn. Stat. § 65B.525, subd. 1. Jansen's complaint seeks recovery for "all personal injury protection benefits *due and owing* from and after

4

December 5, 2013" under her policy. It is undisputed that at the time Jansen commenced this action, the most State Farm could owe her for no-fault medical-expense benefits was $5,451.74. Accordingly, Jansen may only pursue her claim in arbitration; the district court lacks subject-matter jurisdiction.[2]

## DECISION

Because the amount of no-fault medical-expense benefits potentially due and owing from State Farm is $5,451.74, Jansen may only pursue her claim in arbitration.

**Reversed.**

---

[2] We decline to consider Jansen's contention that she cannot obtain the same remedies in arbitration because she did not present this argument in the district court. *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1980). But we note that parties may seek to confirm, vacate, or modify no-fault arbitration awards under Minn. Stat. §§ 572B.22-.24 (2016).