**STATE FARM MUTUAL AUTOMO-BILE INSURANCE COMPANY, petitioner, Respondent,**

v.

**John FRELIX, Appellant.**

No. A08–1045.

Court of Appeals of Minnesota.

April 28, 2009.

Suzanne Wolbeck Kvas, Stringer & Roh-leder, Ltd., St. Paul, MN, for respondent.

Michael A. Bryant, Bradshaw & Bryant, Waite Park, MN, for appellant.

Considered and decided by PETERSON, Presiding Judge; KLAPHAKE, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.[*]

Appellant John Frelix challenges the district court's order that his petition for no-fault arbitration be dismissed. Because appellant incurred more than $40,000 for surgery expenses on the same day that his petition for arbitration was filed, thus exceeding the statutory jurisdictional limit, we affirm.

## FACTS

Appellant was injured in a motor-vehicle accident in September 2001. He obtained treatment and submitted his medical expenses for payment to his no-fault insurer, respondent State Farm Mutual Automobile Insurance Company. At respondent's request, appellant underwent an independent medical examination. The examining physician reported that appellant had fully recovered from the accident and that the treatment he obtained was not related to injuries sustained in the accident. In March 2003, respondent denied appellant's claims.

On May 25, 2007, appellant mailed a petition for no-fault arbitration to the American Arbitration Association (AAA), claiming medical expenses of $2,541.10. The petition was stamped "received" by AAA on May 29. Also on May 29, appellant underwent spinal surgery, the cost of which exceeded $40,000.

Respondent brought a motion to stay arbitration on the ground that appellant had exceeded the jurisdictional limit for no-fault arbitration. The district court ruled that because the overall amount of appellant's medical expenses exceeded the $10,000 jurisdictional limit, the claim was not appropriate for mandatory arbitration. It stayed arbitration and ordered AAA to dismiss the petition.

## ISSUES

1. Was the petition for arbitration filed in the AAA office on the date that appellant mailed it or on the date that the AAA office received it?

2. Did the district court err in ruling that appellant had incurred more than $10,000 in medical expenses at the time he filed the petition for no-fault arbitration?

## ANALYSIS

■ Appellate courts will review questions of statutory interpretation of the no-fault act de novo. *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 803 (Minn.2004). Statutes will be construed to ascertain and effectuate the intention of the legislature and to give effect to the plain meaning of the statutory terms. *Id.*

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

We must presume that the legislature did not intend an absurd result. *Lewis–Miller v. Ross,* 710 N.W.2d 565, 569 (Minn.2006).

### 1. Date Commenced

■ A person who is injured in a motor-vehicle accident has the right to basic economic loss ("no-fault") benefits. Minn. Stat. § 65B.46, subd. 1 (2008). Generally, an injured person looks to his or her own policy for payment of no-fault benefits. Minn.Stat. § 65B.47, subd. 4(a) (2008); *Wakefield v. Federated Mut. Ins. Co.,* 344 N.W.2d 849, 853 (Minn.1984).

One of the purposes of no-fault insurance is "to create a system of small claims arbitration to decrease the expense of and to simplify litigation." Minn.Stat. § 65B.42(4) (2008). Consequently, submission to binding arbitration for the resolution of disputed no-fault claims is mandatory "where the claim at the commencement of arbitration is in an amount of $10,000 or less." Minn.Stat. § 65B.525, subd. 1 (2008); *see* Minn. R. No–Fault Arb. 6 (stating that mandatory arbitration applies when the "total amount of the claim, at the commencement of arbitration, is in an amount of $10,000.00 or less").

In this unique fact situation, appellant's arbitration petition was received on the same day he underwent surgery involving substantial expense. We first must ascertain the date that arbitration commenced. "Arbitration is commenced by the filing of the signed, executed [petition] form, together with the required filing fee, with the arbitration organization." Minn. R. No–Fault Arb. 5(c). The no-fault rules do not define "filed."

■ Appellant asserts the "mailbox rule"—that the filing of pleadings or other documents is deemed to have occurred on the day that the document is mailed, citing only the dictionary definition of the term. *Black's Law Dictionary* 972 (8th ed.2004) (defining the rule as the "principle that when a pleading or other document is filed or served by mail, filing or service is deemed to have occurred on the date of mailing"). He acknowledges that caselaw does not provide guidance to support his argument, and, consequently, we decline to consider it. *See Schoepke v. Alexander Smith & Sons Carpet Co.,* 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971) (providing that "assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived," unless prejudicial error is obvious).

■ In the alternative, the parties agree that the date AAA received the petition should be the date of filing, and this is supported by caselaw, as well as by the plain language of rule 5(c). The supreme court has held that "the filing of an instrument consists, not in the [endorsement] or certificate of the officer, but in its being delivered to and accepted by [the clerk] for the purpose of being placed and kept in his office as a permanent record or file." *Foster v. Brick,* 121 Minn. 173, 174–75, 141 N.W. 101, 101–02 (1913) (quotation omitted) (addressing challenge to date county board's resolution was filed with clerk of court). Similarly, this court has held that under Minn. R. Civ. P. 5.04, "[g]enerally, a document is filed with the district court when it is delivered to or received by the office where it is required to be filed." *Clifford v. Bundy,* 747 N.W.2d 363, 365 (Minn.App.2008), *review denied* (Minn. June 18, 2008). Rule 5(c) states that arbitration is commenced when the petition is filed with AAA, and we deem the petition filed on May 29, 2007, when it was received by AAA.

### 2. When Incurred

■ Appellant challenges the district court's determinations that the medical ex-

penses from appellant's May 29, 2007 surgery should be included in the total expenses claimed on the date the petition was filed, also on May 29, 2007. If so, the amount would exceed the jurisdictional limit for mandatory arbitration of $10,000 under Minn.Stat. § 65B.525, subd. 1.

Appellant contends that his medical expenses for surgery were incurred at the hour when the bills were processed. He notes the precise times that his morning surgery occurred, and he contends that it is doubtful he was billed until all of the procedures were completed, so that billing most likely occurred later in that same day. He cites a case in which the claimant had surgery *after* filing the petition for no-fault arbitration, increasing her claim substantially, but in which this court held that these "later-accrued claims properly fell within the arbitrator's continuing jurisdiction." *Karels v. State Farm Ins. Co.,* 617 N.W.2d 432, 436 (Minn.App.2000); *see also* Minn. R. No–Fault Arb. 6 (providing that "[i]n cases where the amount of the claim continues to accrue after the petition is filed, the arbitrator shall have jurisdiction to determine all amounts claimed including those in excess of $10,000.00"). But this prior decision does not help us decide the particular circumstances raised in the case, where the expenses were incurred on the same day that the petition was filed.[1]

The district court viewed the issue as a matter of "[c]ommon sense" and refused to entertain the argument that the exact hour of filing or surgery should be controlling. It explained that "the legislature contemplated that mandatory arbitration was for 'small claims,' and that was determined to be for claims not exceeding $10,000 at the time of filing for arbitration." It ruled that good sense in this case "dictates that

a claim such as this, particularly with the timing of it, is not appropriate for mandatory arbitration."

One can speculate that the surgery that occurred early in the morning was not finished at the time that the mail arrived at AAA. But there is no record as to exactly when the mail arrived or, under appellant's argument, when the billing literally occurred. There is merit in the district court's conclusion, at least in these circumstances, that it is impractical and even absurd to litigate such details.

Instead, we note that the legislature has attempted to formulate a bright-line rule to distinguish between expenses incurred before and after the petition was filed. Under the no-fault act, "[b]asic economic loss benefits are payable monthly as loss accrues. Loss accrues not when injury occurs," but, in relevant part, as medical expense is incurred. Minn.Stat. § 65B.54, subd. 1 (2008). Further, no-fault rule 5(e) specifically provides that the claims for the medical expenses must detail, in relevant part, "dates of services claimed, and total amounts owing." And under the same rule, at the time of filing the arbitration form, or within 30 days after, the claimant is to file an itemization of benefit claims and supporting documents. The wisdom of this rule is that it provides a means to determine the real nature of the claim, making it questionable whether the specific time of the filing of a petition should be considered. The enactments and our duty to uphold them without absurd results lead us to conclude that a rule of minutes, at least in these circumstances, was not intended by the legislature. Under the plain meaning of the statute and the rule, the insured here incurred the additional surgi-

1. We have no occasion to rule on and do not make a decision as to any time except that presented in this case.

cal expenses at the time the petition for arbitration was filed, not after. Consequently, the district court's interpretation was correct and adequately coincides with our plain-meaning analysis.

## DECISION

The district court correctly determined that the amount claimed by appellant exceeded the jurisdictional limit for mandatory arbitration of the claim.

**Affirmed.**