# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A13-2289

Carmen Schroeder,
Respondent,

vs.

Western National Mutual Insurance Company,
Appellant.

**Filed July 7, 2014**
**Affirmed**
**Halbrooks, Judge**

Hennepin County District Court
File No. 27-CV-13-5497

William J. Schmitz, Schmitz Law Offices, Woodbury, Minnesota (for respondent)

Katherine A. McBride, Meagher & Geer, P.L.L.P., Minneapolis, Minnesota (for appellant)

Considered and decided by Halbrooks, Presiding Judge; Smith, Judge; and Klaphake, Judge.[*]

## S Y L L A B U S

Under the Minnesota No-Fault Act, Minn. Stat. §§ 65B.41-.71 (2012), an injured insured who has primary responsibility for the management of a household is entitled to the reasonable value of the insured's household care and maintenance services, regardless of whether the services were replaced when the insured could not perform them.

---

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

**HALBROOKS**, Judge

Following the district court's denial of its motion to vacate a no-fault arbitration award, appellant insurer argues that the arbitrator exceeded his authority when he awarded no-fault benefits for the reasonable value of respondent insured's household care and maintenance services that were not replaced. Because we conclude that the applicable provision of the no-fault statute supports the award, we affirm.

### FACTS

On May 10, 2012, respondent Carmen Schroeder was rear-ended on Highway 55 after stopping her vehicle to make a left turn. Schroeder suffered a spinal fracture and underwent significant spinal surgery on May 14. Schroeder was completely disabled until September 5 and partially disabled until October 3. Schroeder was then a 59-year-old single woman who owns and maintains her own home. She has no close family nearby. During the period of her disability, no one provided household care or maintenance services for Schroeder on a paid or volunteer basis.

Schroeder submitted a claim to appellant Western National Mutual Insurance Company for, among other things, the reasonable value of the care and maintenance services for her home that she was unable to perform as a result of her injury. Western National denied this aspect of Schroeder's claim, asserting that it could not calculate and process the claim until it received proof of what replacement services were performed and by whom. But Western National agreed that Schroeder need not have incurred any expense to be eligible for these benefits.

2

Schroeder petitioned for mandatory no-fault arbitration, claiming $3,400 in replacement services benefits under Minn. Stat. § 65B.44, subd. 5, calculated as $200 per week from May 18 to September 13, 2012, and $100 per week from September 14 to September 21, 2012. After a hearing, the arbitrator ruled in Schroeder's favor, awarding $3,400 plus interest. Western National moved the district court under Minn. Stat. § 572B.23 (2012) to vacate the no-fault arbitration award on the ground that the arbitrator misapplied the law in awarding benefits for services that were not replaced and therefore had exceeded his authority. The parties agreed that (1) Schroeder meets the definition of a person with primary responsibility for the management of a household under the second clause of Minn. Stat. § 65B.44, subd. 5, and the case law interpreting it; (2) she was disabled from performing her usual household services for the relevant time period; and (3) no replacement services were performed.

The district court denied Western National's motion, determining that under the second clause of Minn. Stat. § 65B.44, subd. 5, as interpreted by the Minnesota Supreme Court, "an insured homemaker with full-time responsibility for her household is entitled to recover the reasonable value of her services, without regard to whether her services have been replaced." After the denial of Western National's motion, the parties stipulated to entry of judgment in the amount of $3,908.44. This appeal follows.

## ISSUE

Does Minn. Stat. § 65B.44, subd. 5, permit an insured who has primary responsibility for the management of a household to recover the reasonable value of the household services that the insured was unable to perform but were not replaced?

**ANALYSIS**

Western National argues that Schroeder is not entitled to benefits under Minn. Stat. § 65B.44, subd. 5, because her services were not replaced and her loss is a noneconomic loss. We review questions of statutory interpretation of the no-fault act de novo. *State Farm Mut. Auto. Ins. Co. v. Frelix*, 764 N.W.2d 581, 582 (Minn. App. 2009). Statutes are construed to ascertain and effectuate the intent of the legislature and to give effect to the plain meaning of the statutory terms. *Ill. Farmers Ins. Co. v. Glass Serv. Co.*, 683 N.W.2d 792, 803 (Minn. 2004).

Minn. Stat. § 65B.44, subd. 5, provides in full:

> **Replacement service and loss.** Replacement service loss benefits shall reimburse all expenses reasonably incurred by or on behalf of the nonfatally injured person in obtaining usual and necessary substitute services in lieu of those that, had the injured person not been injured, the injured person would have performed not for income but for direct personal benefit or for the benefit of the injured person's household; **if the nonfatally injured person normally, as a full time responsibility, provides care and maintenance of a home with or without children, the benefit to be provided under this subdivision shall be the reasonable value of such care and maintenance or the reasonable expenses incurred in obtaining usual and necessary substitute care and maintenance of the home, whichever is greater.** These benefits shall be subject to a maximum of $200 per week. All replacement services loss sustained on the date of injury and the first seven days thereafter is excluded in calculating replacement services loss.

(Emphasis added.) The Minnesota Supreme Court has interpreted this subdivision to contain two distinct clauses. *See Rindahl v. Nat'l Farmers Union Ins. Cos.*, 373 N.W.2d 294, 296 (Minn. 1985) (interpreting the 1982 statute, which is identical in relevant part to

the 2012 clause at issue here); *see also Lenz v. Depositors Ins. Co.*, 561 N.W.2d 559, 562 (Minn. App. 1997) ("The supreme court has suggested that the first and second clauses of the subdivision are independent of one another."), *review denied* (Minn. June 11, 1997).

The first clause applies when the claimant does not have primary responsibility for the management of the household. Minn. Stat. § 65B.44, subd. 5; *see Rindahl*, 373 N.W.2d at 296-97; *Nadeau v. Austin Mut. Ins. Co.*, 350 N.W.2d 368, 373 & n.2 (Minn. 1984). It provides reimbursement for expenses reasonably incurred in obtaining usual and necessary substitute services in lieu of those that the injured person would have performed for the benefit of the household. Minn. Stat. § 65B.44, subd. 5. It is not limited to services directly supporting the care and maintenance of the home. *Lenz*, 561 N.W.2d at 562-63 (affirming judgment in favor of insured on claim for car repair services that he would have performed but for his injury). Benefits are only available under the first clause when the claimant pays for replacement help. *Rindahl*, 373 N.W.2d at 296 ("We held in *Nadeau v. Austin Mutual Ins. Co.*, 350 N.W.2d 368 (Minn. 1984), that [the first] clause provides benefits only for actual expenses incurred in hiring substitute household help.").

The second clause, which does not appear in the Uniform Motor Vehicle Accident Reparations Act, only applies, "if the injured person 'normally, as a full time responsibility,' takes care of the home." *Rindahl*, 373 N.W.2d at 296 (quoting Minn. Stat. § 65B.44, subd. 5); *see also Lenz*, 561 N.W.2d at 562. The supreme court has held that "'full time responsibility' as used in section 65B.44, subd. 5, means primary responsibility for management of the household, regardless of whether the person also

5

works outside the home." *Rindahl*, 373 N.W.2d at 297. The parties agree that Schroeder is an injured person who "normally, as a full-time responsibility, takes care of the home." *See Rindahl*, 373 N.W.2d at 296. Clause two provides:

> [I]f the nonfatally injured person normally, as a full time responsibility, provides care and maintenance of a home with or without children, **the benefit to be provided under this subdivision shall be the reasonable value of such care and maintenance or the reasonable expenses incurred in obtaining usual and necessary substitute care and maintenance of the home**, whichever is greater.

Minn. Stat. § 65B.44, subd. 5 (emphasis added). Under this clause, an insured with primary responsibility for the management of a household may claim *either* the reasonable value of the care and maintenance services that the injured party cannot perform *or* the reasonable expenses incurred in obtaining usual and necessary substitute care and maintenance of the home. *See id.* An insured is eligible for clause-two benefits without paying for replacement services. *Rindahl*, 373 N.W.2d at 296 (concluding that "the injured person . . . is not required to incur actual expense for replacement help but can recover the reasonable value of her or his own household services"); *see also Nadeau*, 350 N.W.2d at 373 n.2 ("[Clause two] would seemingly entitle claimants to replacement service loss benefits regardless of whether expenses have actually been incurred by or on behalf of the injured person if the injured person provides care and maintenance of a home 'as a full time responsibility.'").

In *Rindahl*, the insured "never hired anyone to perform the lost household services; instead, other members of the family [took] up the slack." 373 N.W.2d at 296. The district court awarded clause-two benefits based on the reasonable value of the

6

insured's household services. *Id*. at 297. Our supreme court affirmed the district court's calculation of benefits. *Id*. Clause-two benefits are, therefore, "the reasonable value of [the insured's household care and maintenance services] or the reasonable expenses incurred in obtaining usual and necessary substitute care and maintenance of the home, whichever is greater." Minn. Stat. § 65B.44, subd. 5.

The question before us is whether a primary household manager's care and maintenance services must first be replaced—with or without cost—to trigger eligibility for benefits. Western National argues that if household services are not replaced, the loss of those services is dignitary noneconomic loss, which is not recoverable under the no-fault statute. "Loss" is defined in the no-fault statute in relevant part as, "economic detriment resulting from the accident causing the injury, consisting only of medical expense, income loss, replacement services loss." Minn. Stat. § 65B.43, subd. 7. But because out-of-pocket expense need not be incurred for the insured to be eligible for clause-two benefits, this definition does not resolve our inquiry.

Western National asserts that the readjustment of duties within a household is the economic detriment when services are replaced without cost. But nothing prevents a non-household member from assisting the insured, and in any event, the statutory benefit is not calculated based on the economic detriment to those who have "taken up the slack." *See Rindahl*, 373 N.W.2d at 296-97. The benefit is the reasonable value of the care and maintenance services that otherwise would have been performed by the person with primary responsibility for management of the household. Minn. Stat. § 65B.44, subd. 5; *see also Rindahl*, 373 N.W.2d at 296-97.

7

Western National also argues that because the relevant provision falls within the subdivision on "replacement service and loss," replacement of services is required by the plain statutory language. It argues that any other construction reads "replacement" and "services" out of the subdivision. We disagree. Clause two presents two methods by which to calculate the benefit for the person with primary responsibility for management of the household. The first method, under which the arbitrator awarded benefits here, contains no reference to replacement or substitute services.

Western National also argues that the district court inappropriately relied on potential future economic loss in determining that Schroeder is entitled to clause-two benefits. Because the plain language of the statute resolves the question before us, we conclude that it is unnecessary to reach the district court's policy statement.

We hold that an insured who normally, as a full-time responsibility, provides care and maintenance of a home is entitled to the reasonable value of the insured's care and maintenance services, without regard to whether the services were replaced when the insured could not perform them. The benefits available to Schroeder are therefore the reasonable value of her household care and maintenance services. The arbitrator determined that the reasonable value of Schroeder's household care and maintenance services was $3,400 from May 18 through September 21. A no-fault arbitrator's findings of fact are final. *Karels v. State Farm Ins. Co.*, 617 N.W.2d 432, 434 (Minn. App. 2000). Because the arbitrator did not exceed his authority, the district court did not err in denying Western National's motion to vacate, and we will not disturb the award.

**D E C I S I O N**

The no-fault arbitrator did not exceed his authority in awarding no-fault benefits under the second clause of Minn. Stat. § 65B.44, subd. 5, for the loss of household care and maintenance services that the insured could not perform but were not replaced.

**Affirmed.**