**LIBERTY MUTUAL INSURANCE COMPANY, Appellant,**

v.

**Holly SANKEY, Respondent.**

**No. C1–99–1364.**

Court of Appeals of Minnesota.

Feb. 1, 2000.

Michael J. Nemo, Conley, Peterson & Borgeson, Minneapolis, for appellant.

Mark C. Vandelist, Vandelist & Vandelist, P.A., Burnsville, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge, RANDALL, Judge, and PETERSON, Judge.

## OPINION

KLAPHAKE, Judge.

Liberty Mutual Insurance Company (Liberty Mutual) appeals from the district court's denial of its motion to vacate a no-fault arbitration award in favor of respondent Holly Sankey. Liberty Mutual argues that the arbitrator exceeded his powers because the award of wage loss benefits lacked factual and evidentiary support in the record. Because an award of wage loss benefits is subject to mandatory arbitration under the no-fault act, the issue was within the arbitrator's authority to determine. We therefore affirm.

## FACTS

In October 1991, Sankey was involved in an automobile accident when her vehicle was rear-ended by another vehicle. Her no-fault insurer, Liberty Mutual, initially paid her medical expense benefits, but discontinued those benefits in April 1993 after her independent medical examination by a chiropractor.

Sankey filed a petition for no-fault arbitration in November 1997, seeking medical expense and wage loss benefits totaling $10,000. Although Sankey had a number of jobs since the accident, she claimed she had been losing income due to her injuries and the resulting physical restrictions. She also claimed that she had been unemployed and unable to find work within her restrictions since April 17, 1998.

An arbitration hearing was held in September 1998. Sankey did not appear at the hearing, but the attorneys for both parties presented evidence and arguments. The arbitrator awarded Sankey $969 in medical expenses and $5,500 in lost wages, plus $673.95 in interest on these two amounts, for a total award of $7,142.95. The $5,500 award represents the amount of wage loss benefits claimed by Sankey from April 17, 1998, when she quit her most recent job at her chiropractor's recommendation, until September 11, 1998, a few days before the arbitration hearing.

Liberty Mutual moved to vacate the award of wage loss benefits, citing Minn. Stat. § 572.19, subd. 1(3) (1998) (grounds for vacation include arbitrator exceeding powers). Liberty Mutual argued that the arbitrator exceeded his powers because the award of wage loss benefits lacked factual and evidentiary support in the record. In denying Liberty Mutual's motion, the district court concluded that although the parties disagreed as to what documents and records were submitted to the arbitrator, it was within the arbitrator's power to evaluate the facts before him and to make factual findings regarding Sankey's wage loss claim. The district court further assessed interest from September

22, 1998, the date that the arbitrator issued his award, under Minn.Stat. § 65B.54, subd. 2 (1998) (overdue benefits bear interest at rate of 15 percent).

## ISSUES

1. Did the arbitrator exceed his powers?

2. Is the award of prejudgment interest proper?

## ANALYSIS

### 1. Motion to Vacate Award

An arbitration award "will be vacated only upon proof of one or more of the grounds stated in [Minn.Stat. § 572.19] and not because the court disagrees with the decision on the merits." *AFSCME Council 96 v. Arrowhead Reg'l Corrections Bd.*, 356 N.W.2d 295, 299–300 (Minn.1984). One basis for appeal to the district court is arbitrability or the power of a tribunal to hear the matter before it, which may be raised in a proceeding to compel arbitration or to vacate an award on the ground that the arbitrator exceeded his powers. *State v. Berthiaume*, 259 N.W.2d 904, 909 (Minn.1977); *Koranda v. Austin Mut. Ins. Co.*, 397 N.W.2d 357, 360 (Minn.App.1986) (citing Minn.Stat. §§ 572.09, .19, subd. 1(3)), *review denied* (Minn. Feb. 13, 1987).

Liberty Mutual argues that the arbitrator exceeded his powers because his award is unsupported by the facts and evidence. However, it was well within the arbitrator's authority to determine this claim for wage loss benefits, which is subject to mandatory arbitration. *See* Minn. Stat. §§ 65B.44, subd. 3 (no-fault wage loss benefits), 65B.525, subd. 1 (mandatory arbitration) (1998). An arbitrator has the authority to make factual findings and determine what constitutes "reasonable proof" of a wage loss claim. *See Neal v. State Farm Mut. Ins. Co.*, 529 N.W.2d 330, 331–32 (Minn.1995). Whether the record supports an arbitrator's findings is not an issue for our review. *See State Auditor v.*

**414**

*Minnesota Ass'n of Prof'l Employees,* 504 N.W.2d 751, 754–55 (Minn.1993) (review of arbitrator's award is "extremely narrow" and confined to whether arbitrator exceeded powers).

Thus, the only issue before us is whether the question decided by the arbitrator was within his authority to decide; we may not examine the underlying evidence and record, or otherwise delve into the merits of the award. Because the arbitrator in this case had the power to determine Sankey's claim for wage loss benefits under the no-fault act, the district court properly denied Liberty Mutual's motion to vacate.

### 2. Interest on Award

■ Liberty Mutual also challenges the district court's assessment of 15 percent interest from the date of the arbitration award. *See* Minn.Stat. § 65B.54, subd. 2 (1998) ("Overdue payments shall bear simple interest at the rate of 15 percent per annum."). An insurer becomes obligated to pay no-fault benefits when it receives reasonable proof of the fact and amount of loss realized. *See id.,* subd. 1 ("Benefits are overdue if not paid within 30 days after the reparation obligor receives reasonable proof of the fact and amount of loss realized.").

Liberty Mutual arguably had reasonable proof of the fact and the amount of loss when it received Sankey's arbitration petition in November 1997, but the district court chose to award interest only from the date of the arbitration award. Thus, the district court did not err when it assessed interest from September 22, 1998, the date the award was issued.

Finally, both parties appear to assume incorrectly that the district court ordered interest under Minn.Stat. § 65B.54 until the award is paid. Examination of the judgment and order for judgment, however, shows that this 15 percent interest was assessed only until July 29, 1999, the date that judgment was entered. After July 29, 1999, Sankey is entitled only to postjudgment interest under Minn.Stat.

§ 549.09, subd. 2 (1998). *See, e.g., C.J. Duffey Paper Co. v. Reger,* 588 N.W.2d 519, 527 (Minn.App.1999) (once judgment entered, postjudgment interest under Minn.Stat. § 549.09 applies, not statutory rate on general indebtedness or rate provided by contract itself), *review denied* (Minn. Apr. 28, 1999); *Motschenbacher v. New Hampshire Ins. Group,* 402 N.W.2d 119, 125 (Minn.App.1987) (limiting award of postjudgment interest on no-fault claim to that provided by Minn.Stat. § 549.09 and reversing trial court's award of interest under Minn.Stat. § 65B.54 following entry of judgment), *review denied* (Minn. Apr. 29, 1987).

## DECISION

The district court's denial of Liberty Mutual's motion to vacate and its assessment of interest under Minn.Stat. § 65B.54 from the date of the arbitration award are affirmed; postjudgment interest is limited to that provided under Minn. Stat. § 549.09, subd. 2.

**Affirmed.**